IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

Ping LIU (A96-166-575) and
Yuan JI (A96-166-576)
2632 Starboard Point Drive
Houston, TX 77054

    Plaintiffs

    v.

Michael CHERTOFF
Secretary
U.S. Dept. of Homeland Security
245 Murray Drive, SW
Building 410
Washington, DC 20528

Emilio T. GONZALEZ
Director
U.S. Citizenship & Immigration Services
20 Massachusetts Avenue, NW
Washington, DC 20529

F. GERARD HEINAUER
Director
U.S. Citizenship & Immigration Services
Nebraska Service Center
850 "S" Street
Lincoln, NE 68508

Sharon HUDSON
District Director
USCIS Houston District Office
126 Northpoint Drive
Houston, TX 77060

Robert S. MUELLER, III
Director
Federal Bureau of Investigation
J. Edgar Hoover Building
935 Pennsylvania Avenue, NW
Washington, DC 20535

Civil No. _____

COMPLAINT TO COMPEL
AGENCY ACTION AND
PETITION FOR WRIT OF
MANDAMUS

| | |
|---|---|
| **Defendants** | : |
| | : |
| in their official capacities | : |
| | : |

## PRELIMINARY STATEMENT

1. This is a civil action to compel agency action unreasonably delayed, pursuant to 5 USC § 555(b) and § 706(1), and for *mandamus* relief, pursuant to 28 USC § 1361.

2. Plaintiffs Liu and Ji have filed Applications for Adjustment of Status to become Lawful Permanent Residents, but the Defendants have refused or willfully failed to process or adjudicate Plaintiffs' Applications for several years. Plaintiffs have made attempts to have Defendants adjudicate their Applications. Plaintiffs have no other administrative remedy available to compel Defendants to act. Defendants' willful failure to adjudicate Plaintiffs' Applications causes irreparable harm to Plaintiffs by depriving them of the ability to establish permanent residency in the United States.

3. Defendants have continually refused or failed to perform statutory and regulatory duties owed to the Plaintiffs. Accordingly, Plaintiffs are seeking injunctive and *mandamus* relief arising out of the unlawful and unreasonably delayed actions of the Defendants.

4. Plaintiffs have both filed Applications for Adjustment of Status with U.S. Citizenship and Immigration Services. Both Plaintiffs' Applications have been delayed as a result of a general policy pattern or practice on the part of the Defendants to withhold adjudication of adjustment of status applications for undisclosed background or name-check reasons. Plaintiffs are bound by and suffer the same harm as a result of Defendants' adverse conduct and willful refusal to act.

## PARTIES

5. Plaintiff Liu is a citizen of China and an applicant for adjustment of status filed with USCIS on or about January 17, 2003. Plaintiff Liu resides at 2632 Starboard Point Drive, Houston, Texas 77054.

6. Plaintiff Ji is a citizen of China and the spouse of Plaintiff Liu. Plaintiff Ji is an applicant for adjustment of status filed with USCIS on or about January 17, 2003. Plaintiff Ji resides at 2632 Starboard Point Drive, Houston, Texas 77054.

7. Defendant Chertoff is the Secretary of the Department of Homeland Security (DHS), whose office address is DHS, 245 Murray Lane, SW, Building 410, Washington, D.C. 20528.

8. Defendant Gonzalez is the Director of the U.S. Citizenship and Immigration Services (USCIS), a subdivision of DHS, whose office address is USCIS, 20 Massachusetts Ave., NW, Washington, D.C. 20529.

9. Defendant Heinauer is the Director of the USCIS Nebraska Service Center, whose office address is USCIS Nebraska Service Center, 850 S Street, Lincoln, NE 68508.

10. Defendant Hudson is the District Director of the USCIS Houston District Office, whose office address is USCIS Houston District Office, 126 Northpoint Drive, Houston, TX 77060.

11. Defendant Robert S. Mueller, III, is the Director of the Federal Bureau of Investigation (FBI), whose office address is FBI, J. Edgar Hoover Building, 935 Pennsylvania Avenue, NW, Washington, D.C. 20535.

12. Each Defendant is sued in his or her official capacity. Defendants Chertoff, Gonzalez, Heinauer and Hudson are responsible for the adjudication, grant and denial of Applications for Adjustment of Status, pursuant to *The Homeland Security Act of 2002*, Pub.

Law No. 107-296 (Nov. 25, 2002), as amended by Pub. Law No. 108-7, § 105 (Feb. 20, 2003), 8 USC § 1103, 8 USC § 1421, 8 CFR § 2.1, 8 CFR § 103.1(a) and 8 CFR Part 245. Defendant Mueller is responsible for providing criminal background information, if any, and name verification records relating to aliens within the United States, including applicants for Adjustment of Status, pursuant to 28 USC § 534(a)(4), 8 USC § 1105(b), 8 USC § 1182(a)(2), 8 USC § 1227(a)(2) and 28 CFR §§ 20.31 and 28 CFR § 20.33(a)(2).

## JURISDICTION

13. This Court has federal question jurisdiction over this action pursuant to 28 USC § 1331, as Plaintiffs' claims arise under the laws of the United States, particularly *The Homeland Security Act of 2002*, Pub. Law No. 107-296 (Nov. 25, 2002), as amended by Pub. Law No. 108-7, § 105 (Feb. 20, 2003), 8 USC § 1103, 8 USC § 1255, 28 USC § 534(a)(4), and related agency regulations.

14. This Court also has jurisdiction to issue a writ of *mandamus* to compel agency action under 28 USC § 1361, as the Plaintiffs' claims are against officers and employees of the United States and agencies thereof.

15. There are no administrative remedies available to Plaintiffs to redress their grievances described in this Complaint. This action challenges the Defendants' procedural policies, practices, interpretations of law and their failure to act, not the discretionary granting or denial of individual petitions or applications. Therefore, the jurisdictional limitations under 5 USC § 701(a)(2) and 8 USC § 1252 do not apply.

## VENUE

16. Venue lies in the District of Columbia under 28 U.S.C. § 1391(e)(1), as this is an action against officers and employees of the United States acting in their official capacities,

brought in the district where several of the Defendants reside. Defendants Chertoff, Gonzalez and Mueller all perform a significant amount of their official duties and maintain their offices in the District of Columbia.

17. Venue also properly lies within the District of Columbia, pursuant to 28 U.S.C. § 1391(e) (2), as a substantial part of the events giving rise to the Plaintiffs' claims occurred in this district. The policies, practices and interpretations of law giving rise to the Plaintiffs' claims were issued by, or under the direction of, Defendants Chertoff, Gonzalez and Mueller, all of whom maintain their headquarters in the District of Columbia.

## STATEMENT OF THE CASE

18. On or about January 17, 2003, Plaintiff Liu completed and filed an Application for Adjustment of Status on Form I-485 with the USCIS Nebraska Service Center along with the appropriate filing fee of $305, applying to become a permanent resident of the United States. On or about January 23, 2003, the USCIS Nebraska Service Center issued Form I-797 to Plaintiff Liu, indicating receipt of Plaintiff Liu's Form I-485. Plaintiff's alien identification number is A96-166-575.

19. On or about January 17, 2003, Plaintiff Ji completed and filed an Application for Adjustment of Status on Form I-485 with the USCIS Nebraska Service Center along with the appropriate filing fee of $305, applying to become a permanent resident of the United States as a derivative beneficiary under his spouse's I-485 Application. On or about January 23, 2003, the USCIS Nebraska Service Center issued Form I-797 to Plaintiff Ji, indicating receipt of Plaintiff Ji's Form I-485. Plaintiff's alien identification number is A96-166-576.

20. On three separate occasions, Plaintiff Liu followed the instructions issued by USCIS and appeared at the USCIS Application Support Center in Houston, Texas. Plaintiff Liu also

appeared at the USCIS Application Support Center in Minneapolis, Minnesota on three separate occasions between January 2003 and May 2005. Plaintiff provided on all occasions to a USCIS official Plaintiff's biometric data, including impressions of Plaintiff's fingerprints.

21. On two separate occasions, Plaintiff Ji followed the instructions issued by USCIS and appeared at the USCIS Application Support Center in Houston, Texas. Plaintiff Ji also appeared at the USCIS Application Support Center in Minneapolis, Minnesota on three separate occasions between January 2003 and May 2005. Plaintiff provided on all occasions to a USCIS official Plaintiff's biometric data, including impressions of Plaintiff's fingerprints.

22. Plaintiffs have been unable to have Defendants complete the adjudication of their I-485 Applications. Attempts by Plaintiffs to have their Applications adjudicated through status inquiries have failed to move the Defendants to act. Plaintiffs have exhausted their administrative remedies.

23. Defendants have failed or willfully refused to adjudicate or otherwise process Plaintiffs' I-485 Applications for nearly five years. The average, published processing time for I-485 Applications is just over seven months, 72 Fed. Reg. 4888, 4893 (USCIS) (Proposed Rule) (Feb. 1, 2007), which leaves the processing of Plaintiffs' Applications over four years behind average processing times for similar Applications.

24. The Defendants' failure to adjudicate Plaintiffs' I-485 Applications for nearly five years prevents and delays Plaintiffs' ability to seek naturalization to become United States citizens, as naturalization applicants must reside continuously in the United States as permanent residents for five years prior to filing a naturalization application, pursuant to 8 USC § 1427(a).

25. The Defendants' failure to adjudicate Plaintiffs' I-485 Applications for Adjustment of Status has had a negative impact on their work at the University of Texas M.D. Anderson

Cancer Center in Houston, Texas. M.D. Anderson Cancer Center is the nation's top ranked cancer hospital by U.S. News & World Report. The hospital treats thousands of cancer patients annually who suffer from life-threatening diseases such as breast cancer, lung cancer, leukemia, lymphoma, and prostate cancer. Plaintiff Liu is a master-level senior statistical analyst at the University of Texas M.D. Anderson Cancer Center. Plaintiff Liu has over nine years experience in biostatistics – a skill set that is difficult to find. Plaintiff Liu makes valuable contributions to oncology research on a daily basis, particularly in the design and analysis of clinical trials. Plaintiff Liu has authored or co-authored ten publications in premier cancer journals. Plaintiff Ji holds a Ph.D. in statistics and is employed as an Assistant Professor, Department of Bioinformatics and Computational Biology with the University of Texas M.D. Anderson Cancer Center. Plaintiff Dr. Ji is a vital asset to M.D. Anderson Cancer Center and his work is critically relevant to the work of many other faculty members. Plaintiff Dr. Ji's work involves millions of dollars in research grants that require collaboration among scientists and physicians in many different fields. Plaintiff Dr. Ji's work has been recognized nationally and internationally. The work of the Plaintiffs is essential to the goal of cancer treatment and prevention at M.D. Anderson, as well as other state-of-the art medical and biological research in the United States. The delay in adjudicating the adjustment of status applications has resulted in the Plaintiffs having to file repeated applications for work authorization. The delays associated with these additional applications prevented the Plaintiffs from working for some weeks thereby hindering the Plaintiffs' collaborative work at the M.D. Anderson Cancer Center.

26. Upon information and belief, the FBI has failed to issue to USCIS the results of criminal background checks and/or name checks relating to the Plaintiffs in connection with the Plaintiffs' Applications.

## CAUSES OF ACTION

### Count I

*(Violation of Administrative Procedure Act)*

27. Plaintiffs incorporate paragraphs 1 through 26 as if fully stated in this Count.

28. Defendants' practices, policies, interpretations of law, conduct and failures to act violate the *Administrative Procedure Act*, as the alleged agency action is:

(a) "unlawfully withheld or unreasonably delayed," under 5 USC § 706(1);

(b) not concluded "[w]ith due regard for the convenience and necessity of the parties . . . and within a reasonable time," under 5 USC § 555(b);

(c) "arbitrary, capricious and an abuse of discretion or otherwise not in accordance with law," under 5 USC § 706(2)(A); and

(d) "without observance of procedures required by law," under 5 USC § 706(2)(D).

29. As a result, Plaintiffs have suffered irreparable harm entitling them to injunctive and other relief.

### Count II

*(Petition for Mandamus)*

30. Plaintiffs incorporate paragraphs 1 through 26 as if fully stated in this Count.

31. Defendants are charged with a duty to administer and enforce the *Immigration and Nationality Act*, pursuant to 8 U.S.C. §1103. Defendants Chertoff, Gonzalez, Heinauer and Hudson have sole responsibility for the adjudication of Applications for Adjustment of Status filed under 8 USC § 1255. Defendant Mueller has responsibility to provide criminal background and name verification records to USCIS officials, pursuant to 8 USC § 1105(b) and 28 USC

§ 534(a)(4). Defendants have willfully and unreasonably delayed and refused to perform their clear, non-discretionary duties.

32. Plaintiffs have a clear right to have their Applications adjudicated pursuant to the *Immigration and Nationality Act*.

33. Plaintiffs have no administrative remedies available to compel Defendants to perform their statutory and regulatory duties.

34. Pursuant to 28 USC § 1361, Defendants must be compelled to discharge their statutory duties owed to Plaintiffs so that Plaintiffs may be promptly informed of the outcome of their Applications.

## Count III

### *Equal Access to Justice Act*

35. Plaintiffs incorporate paragraphs 1 through 26 as if fully stated in this count.

36. If Plaintiffs prevail, they will seek attorney's fees and costs, pursuant to 5 USC § 504 and 28 USC § 2412.

## RELIEF REQUESTED

37. WHEREFORE, Plaintiffs pray that this Court:

(a) Preliminarily and permanently enjoin Defendants from failing to perform a timely adjudication of Plaintiffs' Applications;

(b) Order Defendants Chertoff, Gonzalez, Heinauer and Hudson to perform their duties and immediately adjudicate Plaintiffs' Applications;

(c) Order Defendant Mueller to perform his duties and immediately issue the results of criminal background checks and/or name checks to USCIS relating to Plaintiffs;

(d) Award the Plaintiffs attorney's fees and costs under the *Equal Access to Justice Act*; and

(e) Grant such other relief as the Court deems just, equitable and proper.

Respectfully submitted,

_____     Dated: __12/11/07__
Thomas K. Ragland
(D.C. Bar No. 501021)
Maggio & Kattar, P.C.
11 Dupont Circle, NW, Ste. 775
Washington, DC 20036
202-483-0053

## VERIFICATION

I, Ping Liu, under penalty of perjury, state the following:

I affirm the truth of the factual contents of the foregoing Complaint to Compel Agency Action and for Writ of Mandamus upon information and belief.

Dated: 11-14-07

Place: Houston, TX

_____
Ping Liu

## VERIFICATION

I, Yuan Ji, under penalty of perjury, state the following:

I affirm the truth of the factual contents of the foregoing Complaint to Compel Agency Action and for Writ of Mandamus, upon information and belief.

Dated: 11-14-07

Place: Houston, TX

_____
Yuan Ji

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

## I (a) PLAINTIFFS
Ping LIU and Yuan YI

## DEFENDANTS
Michael CHERTOFF, Secretary, Dept. of Homeland Security, Emilio T. GONZALEZ, Director, U.S. Citizenship & Immigration Services, F. GERARD HEINAUER, Director, USCIS Nebraska Service Center, Sharon HUDSON, District Director, USCIS Houston District Office, Robert S. MUELLER, III, Director, Federal Bureau of Investigation

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** _____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT   Washington, D.C.
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**
Thomas K. Ragland
(D.C. Bar No. 501021)
Maggio & Kattar, P.C.
11 Dupont Circle, NW, Ste. 775
Washington, DC 20036

**ATTORNEYS (IF KNOWN)**
U.S. Attorney for the District of Columbia
555 4th Street NW
Washington, DC 20530

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ○ 1 U.S. Government Plaintiff
- ● 2 U.S. Government Defendant
- ○ 3 Federal Question (U.S. Government Not a Party)
- ○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

### ○ A. *Antitrust*
- ☐ 410 Antitrust

### ○ B. *Personal Injury/Malpractice*
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Medical Malpractice
- ☐ 365 Product Liability
- ☐ 368 Asbestos Product Liability

### ○ C. *Administrative Agency Review*
- ☐ 151 Medicare Act

**Social Security:**
- ☐ 861 HIA ((1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g)
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g)

**Other Statutes**
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ○ D. *Temporary Restraining Order/Preliminary Injunction*
Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ● E. *General Civil (Other)* OR ○ F. *Pro Se General Civil*

**Real Property**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent, Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**Personal Property**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**Bankruptcy**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**Property Rights**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**Federal Tax Suits**
- ☐ 870 Taxes (US plaintiff or defendant
- ☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
- ☐ 610 Agriculture
- ☐ 620 Other Food &Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 RR & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**Other Statutes**
- ☐ 400 State Reapportionment
- ☐ 430 Banks & Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation

- ☐ 470 Racketeer Influenced & Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Satellite TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 900 Appeal of fee determination under equal access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☒ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

|  G. *Habeas Corpus/ 2255* | H. *Employment Discrimination* | I. *FOIA/PRIVACY ACT* | J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| K. *Labor/ERISA (non-employment)* | L. *Other Civil Rights (non-employment)* | M. *Contract* | N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

## V. ORIGIN

● 1 Original Proceeding  ○ 2 Removed from State Court  ○ 3 Remanded from Appellate Court  ○ 4 Reinstated or Reopened  ○ 5 Transferred from another district (specify)  ○ 6 Multi district Litigation  ○ 7 Appeal to District Judge from Mag. Judge

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

5 U.S.C. § 555 and 706, 28 U.S.C. § 1361-Seeking an Order compelling administrative agency action unreasonably delayed.

## VII. REQUESTED IN COMPLAINT

CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23  ☐   DEMAND $ _____   Check YES only if demanded in compl:
JURY DEMAND:  YES ☐   NO ☒

## VIII. RELATED CASE(S) IF ANY

(See instruction)  YES ☐   NO ☒   If yes, please complete related case form.

DATE  12/11/07   SIGNATURE OF ATTORNEY OF RECORD  _[signature]_

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.