UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PING LIU, YUAN JI, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) Case Number: 1:07CV02296 (RWR)<br>) |
| MICHAEL CHERTOFF, Secretary, U.S. Dep't of Homeland Security, | )<br>)<br>) |
| Defendants. | )<br>)<br>) |

### MOTION FOR ENLARGEMENT OF TIME TO FILE ANSWER

Pursuant to Federal Rule of Civil Procedure 6(b), Defendants Emilio T. Gonzalez et al., through undersigned counsel, hereby request that the Court grant Defendants a 30-day enlargement of time to answer Plaintiffs' Complaint, making Defendants' Answer due April 2, 2008. The United States Attorney's Office was served January 3, 2008, making Defendants' answer currently due today March 3, 2008. Pursuant to Local Rule 7(m) and Federal Rule of Civil Procedure 26, counsel for Defendants contacted counsel for Plaintiffs to obtain Plaintiffs' position on this motion, and Plaintiffs oppose the enlargement.

This is an immigration case, arising out of Form I-485 applications for adjustment of status filed by Plaintiffs, who are citizens of China. Plaintiffs have filed a mandamus complaint asking the Court to order Defendants Chertoff, Gonzalez, Heinauer and Hudson to complete the adjudication of the I-485 applications. The complaint also seeks an order compelling Defendant Robert Mueller, Director of the FBI, to complete the background checks being performed on Plaintiffs.

It is Defendants' position that this Court lacks jurisdiction to review USCIS's adjudication of adjustment of status applications, or to review the FBI's processing of background checks. See, e.g., Orlov v. Howard, 523 F. Supp. 2d 30, 36 (D.D.C. 2007) (dismissing complaint challenging pace of USCIS's adjudication of adjustment of status application for lack of jurisdiction); Luo v. Keisler, 521 F. Supp. 2d 72 (D.D.C. 2007) (granting motion to dismiss action to compel adjudication of plaintiffs' I-485s).  Accordingly, Defendants intend to file a Rule 12(b) motion in lieu of an answer, to present those jurisdictional defenses.

At the time the complaint was filed, Plaintiffs' applications for adjustment of status could not be adjudicated until USCIS had received the results of the FBI background checks.  However, USCIS recently issued a policy memorandum which permits it to complete its adjudication of adjustment of status applications for which the FBI background checks have been pending more than 180 days, provided that the application is otherwise approvable.  See Declaration of Neil M. Jacobson, ¶¶ 5, 9 (Exh. 1).  Thus, the pending background checks no longer provide an obstacle to the adjudication of Plaintiffs' adjustment applications.  See id. ¶ 9.  In light of the recent policy memorandum, the USCIS Nebraska Service Center is in the process of performing electronic sweeps of the over 350,000 adjustment applications pending at that office to determine whether the applicant's background checks have been pending more than 180 days, and whether a visa number is available for the applicant.  See id. ¶ 11.  Plaintiffs' applications were identified in those sweeps, and were forwarded to an adjudicator for review on February 20, 2008.

There is good cause to grant this enlargement of time.  A 30-day enlargement of the deadline for Defendants' answer would allow USCIS to continue its review of Plaintiffs' adjustment applications, to determine whether they are "otherwise approvable" under the new

policy memorandum. USCIS anticipates that, within the next thirty days, the adjudicator will complete her review of Plaintiffs' files, and will either issue a decision or a request for any additional evidence necessary to determine Plaintiffs' eligibility for adjustment of status. See Jacobson Decl. ¶ 12. If USCIS issues a decision on the applications within that thirty-day period, that decision will render this case moot. Thus, a thirty-day enlargement would allow the parties to avoid unnecessary litigation of a dispute that could be resolved administratively.

The enlargement of time also will permit counsel for Defendants to prepare a 12(b) motion, which Defendants will file if the case does not become moot within thirty days. The results of the adjudicator's review of Plaintiffs' file will impact the arguments the USCIS Defendants raise in that motion. Given that Plaintiffs contend that USCIS has unreasonably delayed its adjudication of their applications, and allege that they have a right to have the applications adjudicated now, the barriers to that adjudication (such as a need for additional evidence) are critical facts that counsel needs to prepare Defendants' 12(b) motion.

Counsel for Defendants regrets filing this enlargement motion on the day the Answer is due. Counsel for Defendants intended to confirm the status of the applications, and file an enlargement motion if necessary, in advance of the deadline for the Answer. However, the undersigned Assistant United States Attorney was out of the office on sick leave February 26, 2008 through mid-day February 29, 2008. The undersigned attempted to contact agency counsel at USCIS upon her return to the office the afternoon of February 29, 2008. However, agency counsel was out of the office, and the undersigned was therefore unable to determine the status of the adjudication prior to today March 3, 2008.

Defendants have not previously requested that this Court enlarge the time for filing any pleading. There are no pending deadlines or court dates that this request for enlargement would affect. Granting Defendants an additional 30 days to answer Plaintiff's Complaint should cause no prejudice.

WHEREFORE, for the foregoing reasons, Defendants respectfully request that the Court GRANT Defendants' Motion for Extension of Time to File Answer.

Dated: March 3, 2008                              Respectfully submitted,


                                                   /s/
                                                  JEFFREY A. TAYLOR, D.C. BAR # 498610
                                                  United States Attorney

                                                   /s/
                                                  RUDOLPH CONTRERAS, D.C. BAR #434122
                                                  Assistant United States Attorney


                                                   /s/ Robin M. Meriweather
                                                  ROBIN M. MERIWEATHER, D.C. Bar # 490114
                                                  Assistant United States Attorney
                                                  555 4th St., N.W.
                                                  Washington, D.C. 20530
                                                  Phone: (202) 514-7198   Fax: (202) 514-8780
                                                  Robin.Meriweather2@usdoj.gov

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 3rd day of March, 2008, I caused the foregoing Motion to be filed and served via the Court's Electronic Case Filing system or, should I receive notice from the ECF system that electronic service was unsuccessful, to be served upon plaintiff by first-class mail, postage prepaid, addressed as follows:

THOMAS RAGLAND
ANDRES BENACH
MAGGIO & KATTAR, PC
11 Dupont Circle, N.W. Suite 775
Washington DC 20036

                                            /s/ Robin M. Meriweather
                                    ROBIN M. MERIWEATHER, D.C. Bar # 490114

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
PING LIU, YUAN JI,                  )
                                    )
            Plaintiffs,             )
                                    )
     v.                             )  Case Number: 1:07CV02296 (RWR)
                                    )
MICHAEL CHERTOFF, Secretary, U.S. Dep't )
of Homeland Security,               )
                                    )
            Defendants.             )
_____)

**ORDER**

Upon consideration of Defendants' Motion for Extension of Time to File Answer, it is this

_____ day of _____, 2008,

ORDERED that Defendants' Motion for Extension of Time to File Answer be and is hereby GRANTED.

It is further ORDERED that Defendants shall submit an Answer or otherwise respond to Plaintiffs' Complaint by April 2, 2008.

SO ORDERED.

_____
United States District Judge

DECLARATION OF NEIL M. JACOBSON

NEIL M. JACOBSON, pursuant to 28 U.S.C. § 1746, declares the following:

1. I am employed by the Department of Homeland Security ("DHS"), Citizenship and Immigration Services Division ("USCIS"), as the Chief of Staff of the Nebraska Service Center ("NSC") in Lincoln, Nebraska. It is in that capacity and based upon reasonable inquiry and my knowledge, information and belief that I provide this declaration.

2. The director of the NSC is a named defendant in the case Liu v. Chertoff, 07-02296, presently pending in the United States District Court for the District of Columbia. Plaintiff Ping Liu seeks to have her pending Form I-485, Application for Adjustment of Status, adjudicated. Co-plaintiff Yuan Ji is a dependent spouse whose application for adjustment of status can't be adjudicated until Ms. Liu's case, as the principal worker's case, is completed.

3. Plaintiff is a native and citizen of the People's Republic of China who has been assigned alien registration number A96 166 575. Plaintiff resides in Houston, Texas. She filed Form I-485, Application for Adjustment of Status, at the Nebraska Service Center on

January 17, 2003. The application was assigned receipt number LIN-03-088-51803, and remains pending at the Nebraska Service Center.

4. Plaintiff's adjustment of status application is based on a Form I-140 visa petition for immigrant ("green card") worker filed on her behalf by the 3M Company (Minnesota Mining and Manufacturing Company) of Minneapolis, Minnesota, on January 17, 2003. The Form I-140 visa petition was approved April 7, 2003, in the second preference employment category for advanced degree professionals. The purpose of the Form I-140 and Form I-485 filings is to obtain lawful permanent resident status ("green cards") for the alien worker and any qualified derivative spouse and children.

5. When an alien applies for adjustment of status, USCIS conducts several forms of security and background checks to ensure that the alien is eligible for the immigration benefit and that he or she is not a risk to national security or public safety. In addition to records checks against DHS's own immigration systems, these background checks currently include (a) a Federal Bureau of Investigation (FBI) fingerprint check, (b) a check against the DHS-managed Interagency Border Inspection System (IBIS) that contains records and

"watch list" information from more than twenty federal law enforcement and intelligence agencies, and (c) an FBI name check, which is run against FBI investigative databases containing information that is not necessarily revealed by the FBI's fingerprint check or IBIS.

6. Since the terrorist attacks of 9/11, USCIS has submitted millions of name check requests to the FBI, thus taxing that agency's resources and creating a backlog in FBI's performance of complete security checks. During the initial submission period of December 2002 and January 2003, USCIS submitted almost 3 million names to the FBI.

7. Delays in adjudication caused by pending FBI name checks are lengthy in some cases. As of November 21, 2007, USCIS reported 316,420 FBI name check cases pending, with 54,639 FBI name checks pending more than 24 months.

8. Plaintiff's name check request was electronically submitted to the FBI on March 1, 2004. The name check remains pending. Plaintiff's fingerprints and IBIS checks are current.

9. On February 4, 2008, USCIS issued a new policy regarding processing of adjustment of status

applications. Under the new policy, where the application is otherwise approvable and the FBI name check request has been pending more than 180 days, the adjudication process may be completed and, if the application is approved, proof of lawful permanent resident status will be issued (the "green card"). In the past, an adjustment of status application (Form I-485) could not be adjudicated until a Federal Bureau of Investigations (FBI) name check for the applicant was completed.

10. In order to be "otherwise approvable," an adjustment of status application must have a current fingerprint return, completed IBIS check, and have no need for a request for additional evidence to establish eligibility. For adjustment of status applications under family- or employment-based annual quota preference categories, a visa number must be available and issued by the Department of State for the specific applicant at the time of approval.

11. In response to the new policy, on February 6, 2008, the Nebraska Service Center (NSC) began ongoing electronic sweeps of all types of adjustment of status cases pending at NSC to identify those cases for which the name check has been pending more than 180 days. The

initial sweeps involve over 350,000 filings, including employment-, asylum-, refugee-, Indochinese-, and special Haitian-based adjustment of status categories. Adjustment of status cases for which a visa number must be available were already staged in date-received order by country and preference category. Once it is determined that a visa number is available for the current month, the adjustment of status applications are arranged in date-received order and are forwarded to officers for adjudication with the oldest cases coming first. USCIS is asking all applicants with pending adjustment of status applications potentially affected by the new policy to wait until April 30, 2008, before making additional expedite requests or inquiries on the status of their cases.

12. Plaintiff's application and that of her derivative spouse were identified in these sweeps and the files were sent to an adjudicator for review on February 20, 2008. I anticipate that the adjudicator will complete her review of these files and will either issue a decision or a request for any additional evidence within 30 days.

13. Incident to their status as aliens in the United States who have pending applications for adjustment of status,

Plaintiff and her spouse have applied for and been granted renewable employment authorization documents (valid for employment with any U.S. employer).

14. The USCIS website at www.uscis.gov includes several advisories and public notices regarding processing delays that apply to all aliens, and the reasons for them. USCIS endeavors to give the best customer service possible to all customers, despite the millions of applications and petitions pending, and within the constraints of resource limitations.

15. USCIS is processing Plaintiff's adjustment of status application in accordance with standard procedures.

I declare under penalty of perjury that the foregoing is true and correct.

   Executed at Lincoln, Nebraska
   on this 3rd day of March, 2008.

                                          _____
                                          Neil M. Jacobson
                                          Chief of Staff
                                          Nebraska Service Center